**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Civil Action No. 11-cv-01920-WJM-MJW

RIVERDALE PEAKS HOMEOWNERS ASSOCIATION, a Colorado Nonprofit Corporation,
LLOYD LAND, and
EILEEN LAND

    Plaintiffs,

v.

AUTO-OWNERS INSURANCE COMPANY, a Michigan Company

    Defendant.

---

**ORDER ON CROSS-MOTIONS FOR SUMMARY JUDGMENT**

---

Plaintiffs Riverdale Peaks Homeowners Association ("Riverdale"), Lloyd Land, and Eileen Land (collectively "Plaintiffs") bring claims against Defendant Auto-Owners Insurance Company ("AIC") for breach of contract, bad faith breach of insurance contract, and failure to defend in violation of Colo. Rev. Stat. § 10-3-1116. (ECF No. 1.) These claims arise out of Defendant's denial of coverage and failure to provide a defense for Plaintiffs in an underlying federal court lawsuit.

Before the Court are Plaintiffs' Motion for Partial Summary Judgment regarding Defendant's Duty to Defend Plaintiffs Lloyd and Eileen Land (ECF No. 7) and Defendant's Motion for Summary Judgment (ECF No. 11). For the reasons set forth below, Defendant's Motion for Summary Judgment is granted, which moots the need to consider the Plaintiffs' Motion for Partial Summary Judgment.

## I.  LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Henderson v. Inter-Chem Coal Co., Inc.*, 41 F.3d 567, 569 (10th Cir. 1994).  Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents a sufficient disagreement to require submission to a jury or conversely, is so one-sided that one party must prevail as a matter of law.  *Anderson v. Liberty Lobby*, 477 U.S. 242, 248-49 (1986); *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132 (10th Cir. 2000); *Carey v. U.S. Postal Service*, 812 F.2d 621, 623 (10th Cir. 1987).

A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable party could return a verdict for either party.  *Anderson*, 477 U.S. at 248. The Court must resolve factual ambiguities against the moving party, thus favoring the right to a trial.  *Quaker State Mini-Lube, Inc. v. Fireman's Fund Ins. Co.*, 52 F.3d 1522, 1527 (10th Cir. 1995); *Houston v. Nat'l General Ins. Co.*, 817 F.2d 83, 85 (10th Cir. 1987).

## II.  FACTUAL BACKGROUND

The following facts are taken from the record and are undisputed:

Riverdale, a homeowner's association, is a Colorado nonprofit corporation. (Compl. at 1-2 (ECF No. 1.))  Plaintiff Lloyd Land is a director and officer of Riverdale, and Plaintiff Eileen Land is a member of Riverdale.  (*Id.*)  Defendant AIC is a Michigan

insurance company with a branch office in Colorado. (*Id*.)

In March 2008, AIC issued an insurance policy to Riverdale as the named insured. (2008 Policy, attached to Pls'. SJ Motion (ECF No. 7), Ex. 1.) This insurance policy was twice extended until March 20, 2011. (2009 and 2010 Policies, attached to Pls'. SJ Motion, Ex. 2, 3.) The Court refers to the policies issued by Defendant over this three-year span collectively as the singular "Policy."[1]

The Policy contains a Commercial General Liability form ("CGL Coverage Form") which details the general liability coverage provided by the Policy. (2008 Policy at 15.) The Policy also includes a Habitational Association Directors and Officers Liability Endorsement ("D&O Endorsement") that provides coverage for liability arising from errors and omissions, negligent acts, and breaches of duty related to the activities of officers or directors of Riverdale in the course of discharging their duties. (D&O Endorsement, 2008 Policy.) Further, the Policy contains a Members Endorsement which modifies the Policy to include liability coverage to Riverdale members, subject to the terms and conditions set forth in the CGL Coverage Form. (2008 Policy at 4.) Under the Policy's Members Endorsements, both Mr. and Mrs. Land are "insured" individuals. (*Id*.)

In March 2011, Western States Enterprises, Inc., ("WSE") and Stephanie Diette

---

[1] Many of the facts set forth herein are taken from the Complaint and the complaint filed in the Underlying Action. While the Underlying Action has now been dismissed, *see Western States Enterprises, Inc. v. Land*, 11-cv-00719, 2011 WL 5882181 (D. Colo. Nov. 22, 2011), for purposes of the instant motions, the Court accepts as true all allegations in these pleadings. *See Employers' Fire Ins. Co. v. W. Guar. Fund Serv.*, 924 P.2d 1107, 1110 (Colo. App. 1996) (court must evaluate duty to defend based solely on the pleadings in the underlying action and must accept all factual contentions therein as true).

filed a lawsuit in the U.S. District Court for the District of Colorado against both Lloyd Land and Eileen Land (the "Underlying Action"). (Underlying Action Complaint, attached to Pls'. SJ Motion, Ex. 4.) The Underlying Action Complaint brings claims against Mr. and Mrs. Land for violations of the federal Racketeer Influenced and Corrupt Organization Act ("RICO") and the Colorado Organized Crime and Control Act ("COCCA"). (*Id.*)

Upon being served with the Underlying Action Complaint, Plaintiffs tendered the same to AIC for a defense. (Compl. at 5.) By letter dated April 11, 2011, AIC declined coverage for Plaintiffs and refused to provide a defense to the Underlying Action. (April 11, 2011 Letter from AIC to Riverdale, attached to Pls'. SJ Motion, Ex. 5.)

### III.  ANALYSIS

Defendant moves for summary judgment on all of Plaintiffs' claims. The Court will address each in turn below.

**A.   Breach of Contract**

Plaintiffs allege that Defendant breached their insurance contracts, *i.e.*, the Policy, by failing to defend against the Underlying Action and failing to indemnify Plaintiffs for potential damages which could result therefrom. Under Colorado law,[2] an insurance company owes its insured both a duty to defend and a duty to indemnify. *See Hecla Mining Co. v. N.H. Ins. Co.*, 811 P.2d 1083, 1086, n. 5 (Colo. 1991). The duty to indemnify relates to the insurer's duty to satisfy a judgment entered against the

---

[2] Because this case is in federal court based on diversity jurisdiction, the Court applies the law of the forum state, in this case, Colorado. *James River Ins. Co. v. Rapid Funding, LLC*, 658 F.3d 1207, 1216-17 (10th Cir. 2011).

insured and is narrower than the duty to defend, which "concerns an insurance company's duty to affirmatively defend its insured against pending claims." *Cyprus Amax Minerals Co. v. Lexington Ins. Co.*, 74 P.3d 294, 299 (Colo. 2003) (internal quotations and citations omitted). Because these duties are separate and distinct, *see id.*, the Court will examine the duty to defend separately from the duty to indemnify.

1. Duty to Defend

It is undisputed that Defendant refused to provide a defense for Plaintiffs in the Underlying Action. Plaintiffs allege that this refusal breached the Policy.

"An insurer seeking to avoid its duty to defend an insured bears a heavy burden." *Hecla Mining*, 811 P.2d at 1089. "[T]he insured need only show that the underlying claim may fall within policy coverage; the insurer must prove it cannot." *Compass Ins. Co. v. City of Littleton*, 984 P.2d 606, 614 (Colo. 1999) (internal citations and quotations omitted). "An insurer has a duty to defend unless it can show that: (1) the allegations in the complaint against the insured describe only situations which are within the policy exclusions; and (2) there is no factual or legal basis on which the insurer might be held liable to indemnify the insured." *TerraMatrix, Inc. v. U.S. Fire Ins. Co.*, 939 P.2d 483, 486 (Colo. App. 1997). The obligation to defend is not determined by the insured's actual liability to the claimant; instead, the duty to defend arises when the allegations in the complaint, if sustained, would impose a liability covered by the policy. *See Hecla Mining*, 811 P.2d at 1089.

A court's determination of whether an insurer has a duty to defend is confined to its examination of the four corners of the underlying complaint. *See Weitz Co., LLC v.*

*Mid–Century Ins. Co.*, 181 P.3d 309, 311 (Colo. App. 2007) (internal quotations and citations omitted). "[T]he duty to defend must be determined based solely on a comparison of the allegations of the complaint made against the insured with the insuring provisions of the policy." *Employers' Fire Ins. Co. v. W. Guar. Fund Serv.*, 924 P.2d 1107, 1110 (Colo. App. 1996). The interpretation of the policy provisions is "based upon the principles of contract interpretation." *Hecla Mining*, 811 P.2d at 1090 (internal citations omitted). Because determination of a duty to defend is based solely on the allegations in the underlying pleading and the terms of the insurance contract, whether a duty to defend exists is a question of law. *See Bumpers v. Guarantee Trust Life Insurance Co.*, 826 P.2d 358, 360 (Colo. App. 1991); *see also Apartment Inv. and Management Co. (AIMCO) v. Nutmeg Ins. Co.*, 593 F.3d 1188, 1193 (10th Cir. 2010).

Here, the Policy's COL Coverage Form provides:

a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages . . . .

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) The "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory;" . . . .

(2008 Policy at 15.)

The COL Coverage Form defines the term "occurrence" as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." (*Id.* at 33.) The CGL Coverage Form also contains an "intentional acts"

6

exclusion, which states that insurance does not apply to: "'bodily injury' or 'property damage' expected or intended from the standpoint of the insured. This exclusion does not apply to 'bodily injury' resulting from the use of reasonable force to protect persons or property." (*Id*. at 16.)

The Policy's D&O Endorsement further provides:

> 1.　　We will pay those sums the insured becomes legally obligated to pay as "damages" because of any negligent act, error, omission or breach of duty directly related to the management of the premises shown in the Declarations, which occurs during the policy period. We will settle or defend, as we consider appropriate, any claim or "suit" for damages covered by this policy . . . .

(*Id*. at 8.) The D&O Endorsement, in relevant part, specifically excludes liability coverage for the following: (a) "'Bodily injury,' 'property damage', 'personal injury' or 'advertising injury' . . . (e) any criminal act or malicious act . . ., and (f) liability based upon any intentionally dishonest or fraudulent act or any judgment based upon any intentionally dishonest or fraudulent act." (*Id*. at 8.) Thus, Defendant does not have a duty to defend against intentionally dishonest, fraudulent or criminal acts. (*Id*.)

Plaintiffs argue that Defendant had a duty to defend because the Underlying Action Complaint alleged negligent conduct, omissions, and a breach of fiduciary duty claim. The Court disagrees.

The Underlying Action Complaint brings claims based on alleged violations of RICO and COCCA. (Underlying Action Complaint at 7-8.) In their complaint, WSE and Diette assert RICO and COCCA violations based on allegations that Mr. and Mrs. Land were involved in a conspiracy to conduct unlawful acts, an attempt to defraud under the federal mail fraud statute, and racketeering activities. (*Id*. ¶¶ 13, 34, 35, 41, 42.) The

Underlying Action Complaint premises these allegations upon Plaintiffs' deceptive or criminal intent. (*Id*. ¶¶ 32-36.); *see U.S. v. Wolf*, 561 F.2d 1376, 1378 (10th Cir. 1977) (mail fraud involves "a scheme or artifice to defraud or obtain money or property by false pretenses, representations or promises . . ."); *People v. Chaussee*, 880 P.2d 749, 754, 755 (Colo. 1994) (RICO involves "any act or threat involving specified state law crimes, any act indictable under particularly specified federal criminal statutes, and certain specified federal offenses.").

Moreover, the Underlying Action Complaint does not contain claims or allegations relating to Plaintiffs' failure to exercise due care, errors, omissions, breach of duty or negligent acts. (Underlying Action Complaint ¶¶ 32-43.) As such, the claims for relief in the Underlying Action, which are based upon allegations of retaliatory, dishonest, and criminal conduct, are plainly within the Policy's D&O Endorsement exclusions, and Defendant has no legal duty to defend Plaintiffs in the Underlying Action. *See Allstate Ins. Co. v. Juniel*, 931 P.2d 511, 513 (Colo. App. 1996) (if "the factual allegations in the underlying complaint are solely and entirely within an exclusion in the insurance policy, and that the exclusion is not subject to any other reasonable interpretation, then the insurer has no duty to defend or indemnify the insured."); *Bertagnolli v. Ass'n of Trial Lawyers Assur.*, 934 P.2d 916, 918-19 (Colo. App. 1997) (no duty to defend based upon the "willful violation of criminal statute" exclusion in the policy because the "essence" of the underlying action was criminal); *Fire Ins. Exchange v. Bentley*, 953 P.2d 1297, 1302 (Colo. App. 1998) (no duty to defend because the underlying complaint alleged only intentional conduct expressly excluded by the

intentional conduct exclusion in the policy); *Martinez v. Calimlim*, 739 F. Supp. 2d 1142, 1148-49 (E.D. Wis. 2010) (no duty to defend because RICO violations were excluded by the willful violation of law provision of the policy).

Further, Defendant has no duty to defend Mrs. Land because the allegations the Underlying Action Complaint do not fall within the scope of the CGL Coverage Form. For Mrs. Land to be covered under the Policy, the Underlying Action Complaint must have alleged "bodily injury" or "property damage" caused by an "occurrence." (2008 CGL Coverage Form at 15.) However, no such allegations, as defined in the CGL Coverage Form, appear in the Underlying Action Complaint. (*Id*. at 33; Underlying Action Complaint ¶¶ 32-43.)

Accordingly, the Underlying Action Complaint fails to state a factual or legal basis that could possibly lead to a claim under the Policy. Therefore, Defendant had no duty to defend Plaintiffs in the Underlying Action. *See TerraMatrix, Inc.*, 939 P.2d at 486.

2. Duty to Indemnify

The Colorado Supreme Court has held that "[w]here there is no duty to defend, it follows that there can be no duty to indemnify." *Constitution Assoc. v. New Hampshire Ins. Co.*, 930 P.2d 556, 563 (Colo. 1996). Because the Court has held that Defendant owed Plaintiffs no duty to defend against the Underlying Action, it follows that there was no duty to indemnify. *Id*.

Because Defendant had no duty to defend Plaintiffs in the Underlying Action, summary judgment is appropriate on Plaintiffs' breach of contract claim. Thus, Defendant's Motion for Summary Judgment is granted as to this claim.

**B.      Common Law and Statutory Bad Faith Claims**

Plaintiffs allege that Defendant's refusal to defend or indemnify them constituted a breach of the common law duty of good faith and fair dealing. (Compl. at 6-8.) Plaintiffs also allege that Defendant's refusal to defend breached Colo. Rev. Stat. § 10-3-1116 by declining coverage and refusing to defend without a reasonable basis for doing so. (*Id*.)

Under Colorado law, the central issue in both common law and statutory bad faith claims is whether "'a reasonable insurer under the circumstances [would] have denied or delayed payment of the claim under the facts and circumstances.'" *TPLC, Inc. v. United Nat. Ins. Co.*, 44 F.3d 1484, 1496 (10th Cir. 1995) (*quoting Travelers Ins. Co. v. Savio*, 706 P.2d 1258, 1274 (Colo. 1985)). Because the Court has held that Defendant had no duty to defend or indemnify, Plaintiffs' common law and statutory bad faith claims fail as a matter of law. *See Berry & Murphy, P.C. v. Carolina Cas. Ins. Co.*, 586 F.3d 803, 815 (10th Cir. 2009) ("Because [insurer] had no legally cognizable duty to defend or indemnify a claim, plaintiffs' bad faith claim also cannot survive.") Accordingly, Defendant's Motion for Summary Judgment is granted with respect to Plaintiffs' common law and statutory bad faith claims.

**C.      Plaintiffs' Partial Motion for Summary Judgment**

Given the Court's ruling on Defendant's Motion for Summary Judgment, the Plaintiffs' Motion for Partial Summary Judgment is moot, and is denied as such.

### IV.  CONCLUSION

For the reasons set forth above, the Court ORDERS as follows:

1. Defendant's Motion for Summary Judgment (ECF No. 11) is GRANTED in its entirety;

2. Plaintiffs' Motion for Partial Summary Judgment regarding Defendant's Duty to Defendant Plaintiffs Lloyd and Eileen Land (ECF No. 7) is DENIED AS MOOT;

3. The Clerk shall enter Judgment in favor of Defendant on all claims; and

4. The Defendant shall have its costs.

Dated this 18th day of April, 2012.

BY THE COURT:

_____
William J. Martínez
United States District Judge